UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARRYL JOHNSON,

    Petitioner,

v.                                        Case No. 8:18-cv-1434-T-02AEP

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

## ORDER

On June 13, 2018, the Court received Petitioner Johnson's petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. Dkt. 1. He seeks relief from a 2003 Florida state court conviction. *Id.* at 1. Respondents have filed a response in opposition, Dkt. 15. The Court finds that no hearing is necessary and denies the petition.

## Background

In July 1998, Mr. Johnson pled guilty to two counts of robbery. As a result of this plea, he was sentenced to thirty years in prison. Dkt 15-2 at 37–43. The State of Florida appealed Mr. Johnson's sentence based on a misapplication of the Prison Releasee Reoffender Act by the sentencing court, which the state appellate

court affirmed. *See Johnson v. State*, 743 So. 2d 45 (Fla. 2d DCA 1999); Dkt 15-2 at 45. However, on appeal again, the Florida Supreme Court reversed and remanded the case for resentencing. *See State v. Johnson*, 762 So. 2d 521 (Fla. 2000); Dkt 15-2 at 48–52. Mr. Johnson was then sentenced to a minimum mandatory term of life on each count as required by the Prison Releasee Reoffender Act. Dkt 15-2 at 54–58.

However, in January of 2003, the state appellate court ordered that because of Mr. Johnson and the sentencing court's misunderstanding regarding the Prison Releasee Reoffender Act he was able to withdraw his guilty plea. *See Johnson v. State*, 834 So. 2d 384 (Fla. 2d DCA 2003); Dkt 15-2 at 60–63. On February 12, 2003, his plea was vacated. Dkt 15-2 at 5. Then in May of that same year Mr. Johnson's charge was amended to robbery with a weapon and he again pled guilty *Id.* at 83. He was then sentenced to a minimum mandatory term of thirty years on each count, concurrent. *Id.* at 92–96.

Then, starting a month after his final sentence was imposed and continuing for the next fifteen years, Mr. Johnson tried numerous avenues to further challenge his sentence. On June 25, 2003, Mr. Johnson filed a motion to define or clarify sentence. *Id.* at 98. Nothing in the record indicates there was ever a ruling on this motion.

On September 8, 2003, Mr. Johnson filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, which was dismissed on December 9, 2003. *Id.* at 100–10 & 115. On January 12, 2004, Mr. Johnson filed a second rule 3.850 motion. *Id.* at 117–28. The motion was denied on June 2, 2004 and rehearing was denied on July 20, 2004. *Id.* at 6 & 131. On August 26, 2004, Mr. Johnson filed a third rule 3.850 motion. *Id.* at 133–43. He then filed an amended motion on April 8, 2005. Dkt 15-2 at 155–59. The state circuit court denied relief, *Id.* at 161–62, and, without opinion, the state appellate court affirmed. *Id.* at 216. *See Johnson v. State*, 922 So. 2d 205 (Fla. 2d DCA 2006).

On March 22, 2006, Mr. Johnson filed a petition for writ of habeas corpus in the state circuit court. Dkt. 15-2 at 220–30. This was dismissed on July 14, 2006. *Id.* at 232. On July 25, 2006, Mr. Johnson filed a second petition for writ of habeas corpus in the state circuit court. *Id.* at 232–44. The petition was denied, and Mr. Johnson appealed. *Id.* at 246–47 & 249. The state appellate court affirmed without opinion. *Id.* at 251. *See Johnson v. State*, 944 So. 2d 362 (Fla. 2d DCA 2006).

On January 26, 2007, Mr. Johnson filed a second motion to define or clarify sentence. Dkt 15-2 at 255–57. This was denied and Mr. Johnson appealed. *Id.* at 259 & 262. The state appellate court affirmed. *See Johnson v. State*, 961 So. 2d 945 (Fla. 2d DCA 2007).

On November 2, 2007, Mr. Johnson filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). *Id.* at 268–75. The motion was dismissed. *Id.* at 280–81. Mr. Johnson appealed, and the state appellate court affirmed. *See Johnson v. State*, 7 So. 3d 1105 (Fla. 2d DCA 2009).

On December 9, 2009, Mr. Johnson filed an additional rule 3.850 motion for postconviction relief. Dkt 15-3 at 2–17. The was denied and the state appellate court affirmed. *Id.* at 23–24. *See Johnson v. State*, 43 So. 3d 50 (Fla. 2d DCA 2010).

On October 7, 2010, Mr. Johnson filed a petition for writ of habeas corpus in the Florida Supreme Court. Dkt 15-3 at 41–47. It was dismissed on November 19, 2010. *See Johnson v. McNeil*, 49 So. 3d 746 (Fla. 2010). On March 23, 2011, Mr. Johnson filed a petition for writ of habeas corpus in Santa Rosa County. Dkt 15-3 at 56–62. The Santa Rosa County circuit court transferred the petition to Pinellas County. *Id.* at 66–67. The Pinellas County circuit court denied the petition and the state appellate court affirmed. *See Johnson v. State*, 83 So. 3d 722 (Fla. 2d DCA 2012).

On February 21, 2014, Mr. Johnson filed a second motion to correct illegal sentence. Dkt 15-3 at 85–94. The motion was denied in part and dismissed in part.

*Id.* at 100–02. The state appellate court affirmed. *See Johnson v. State*, 160 So. 3d 426 (Fla. 2d DCA 2015)

On September 2, 2015, Mr. Johnson filed a fifth rule 3.850 motion. Dkt 15-3 at 130–38. The motion was dismissed. *Id.* at 152–55. Mr. Johnson appealed, and the state appellate court affirmed without opinion. *See Johnson v. State*, 190 So. 3d 640 (Fla. 2d DCA 2016). On July 13, 2016, Mr. Johnson filed a sixth rule 3.850 motion. Dkt 15-3 at 177–82. The motion was dismissed, and Mr. Johnson appealed. *Id.* at 189–90 & 201. The state appellate court affirmed. *See Johnson v. State*, 231 So. 3d 1250 (Fla. 2d DCA 2017). On August 4, 2016, Mr. Johnson filed a motion back in circuit court for rehearing from the order denying his July 13, 2016 motion for postconviction relief. Dkt. 15-3 at 209–13. Rehearing was denied, *Id.* at 217, and the state appellate court affirmed. *See Johnson v. State*, 231 So. 3d 1251 (Fla. 2d DCA 2017).

Mr. Johnson filed his federal habeas petition on June 8, 2018. Dkt. 1. His federal habeas petition raises three grounds for relief from sentence, of which two are virtually identical. All three were previously raised in his state court motion for postconviction relief.

## Discussion

Mr. Johnson argues three grounds for relief: 1) the prosecutor for his case

5

had not met all the requirements under the Florida statutes to be an authorized prosecutor; 2) the prosecutor being unauthorized violated "the Constitution or Laws of the United States;" and 3) the prosecutor being unauthorized prevented the sentencing court from having jurisdiction. Dkt 1 at 5, 7, 8. The Respondent rebuts that Mr. Johnson's Petition is both untimely and inappropriate for federal habeas corpus relief. The Court finds that a hearing is unnecessary, *see Turner v. Crosby*, 339 F.3d 1247, 1274–75 (11th Cir. 2003), and will handle the claims in turn.

1. <u>Timeliness</u>

Federal habeas petitions are subject to a one-year statute of limitation. 28 U.S.C. § 2244(d)(1) (2018). It begins running—as relevant here—on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* The clock stops running for the "time during which a properly filed application for State post-conviction judgment or claim is pending." *Id.* at § 2244(d)(2).

Here, following his successful appeal, Mr. Johnson was sentenced to thirty years imprisonment on May 7, 2003. Dkt. 15-2 at 92–96. Mr. Johnson then had 30 days to appeal his sentence before it became final on June 6, 2003. Fla. R. App. P. § 9.110(b). Accordingly, Mr. Johnson had a year from June 6, 2003 to file a petition under 28 U.S.C. § 2254.

However, the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2). Just nineteen days after his judgment was final, Mr. Johnson filed a motion to define or clarify sentence. Dkt. 15-2 at 98. This was never ruled on. At this point Mr. Johnson's limitations period was frozen with 346 days remaining for him to file a federal habeas petition. But, Mr. Johnson abandoned this first motion when he filed a second motion to define or clarify sentence on January 26, 2007. Dkt. 15-2 at 255. The limitations period began to run again on August 15, 2007 when the state appellate court affirmed the denial of this second motion to define or clarify sentence. *Id.* at 266.

Following that appeal, seventy-nine untolled days elapsed until, on November 2, 2007, Mr. Johnson filed a motion to correct illegal sentence. *Id.* at 268–75. On May 11, 2009 when the state appellate court affirmed the denial of that motion, the limitations period again began to run. *Id.* at 320. Two-hundred and twelve untolled days elapsed before Mr. Johnson filed a motion for post-conviction relief—again pausing the limitations period. Dkt. 15-3 at 2–17. After that motion was denied and the denial was affirmed on appeal on September 10, 2010, *Id.* at 39, twenty-seven days elapsed before Mr. Johnson filed a state habeas petition in the Florida Supreme Court on October 7, 2010. *Id.* at 41–47. Once that petition

7

was dismissed on November 19, 2010, Mr. Johnson had twenty-eight days left within which to file a federal habeas petition. *Id.* at 54. As such, the time for filing a federal petition expired on December 17, 2010. Mr. Johnson filed the current petition on June 6, 2018 and therefore his petition is untimely under 28 U.S.C. § 2244(d)(1)(A). In any event, even if Mr. Johnson's petition were timely, the claims are not appropriately raised in a federal habeas petition and are procedurally barred.

2. Merits

Federal habeas corpus relief is limited to deciding whether a sentence violates federal law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Federal courts cannot use habeas petitions to review claims exclusively based on state law issues. *Watts v. Sec'y, Fla. Dep't of Corr.*, No. 3:14-CV-558-J-39MCR, 2017 WL 2021701, at *2 (M.D. Fla. 2017). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. 62, 67–68.

Mr. Johnson argues that the prosecutor for his case did not meet Florida statutory requirements to be a prosecutor and that prevented the trial court from

having proper jurisdiction. Dkt. 1 at 5 & 7.[1] These issues are squarely based in Florida law. *See* Fla. Stat. § 27.181(1) (2019) (describing the procedural requirements for assistant state attorneys). Moreover, they were determined to be insufficient to warrant relief by the state court. Dkt. 15-3 at 41–47 & 54. As such, Mr. Johnson is not entitled to federal habeas relief on these state law claims.

However, even if these claims were based on federal constitutional rights, Mr. Johnson's Petition is still barred. Where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review . . . is barred." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Here, Mr. Johnson raised the exact same argument about the prosecutor of his case in his 2011 state court motion. Dkt. 15-3 at 56–62. The state court denied these claims because they had not been raised within the two-year window for post-conviction relief. *Id.* at 69–70; *see* Fla. R. Crim. P. 3.850. Accordingly, Mr. Johnson's federal habeas claims have been procedurally defaulted by his failure to timely raise them in state post-conviction motions. *See e.g. Winland v. Sec'y, DOC*, No. 2:16-CV-2-FTM-99MRM, 2019 WL 1330848, at *15 (M.D. Fla. Mar. 22, 2019).

---

[1] He claims that the prosecutor, Richard A. Ripplinger, was not licensed to practice law. The Florida Bar website states that this person was licensed since 1983 and had no ten-year discipline history. *Member Profile: Richard Alan Ripplinger*, Florida Bar, www.floridabar.org/directories/find-mbr/profile/?num=382078 (last accessed Aug. 27, 2019).

Yet, habeas review is still available if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. "Cause exists if there was 'some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule.'" *Mize v. Hall,* 532 F.3d 1184, 1190 (11th Cir. 2008) (citation omitted). It is not enough that a prisoner is pro se. *Harmon v Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990). Further, "the 'fundamental miscarriage of justice' test applies narrowly in the extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." *Hamm v. Comm'r, Alabama Dep't of Corr.*, 620 F. App'x 752, 762 (11th Cir. 2015) (citing *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)) (internal quotations omitted).

Here, Mr. Johnson has not argued—nor does there seem to be—cause for his procedural default. Mr. Johnson is unable to argue that any external factor contributed to his failure to comply with Florida's procedural rule regarding timeliness of post-conviction motions. In fact, Mr. Johnson filed numerous motions regarding his conviction over the course of fifteen years—showing his ability to operate within the bounds of court procedure. As such, Mr. Johnson does not meet the requirements for the cause and actual prejudice exception.

Further, Mr. Johnson does not argue and there is no evidence to suggest that this is an "extraordinary case" where there would be a fundamental miscarriage of justice if, despite a Mr. Johnson's failure to show cause for a procedural default, the Court did not grant the Petition. *See McCleskey*, 499 U.S. at 494. Mr. Johnson's three claims are all based on the premise that the prosecutor, Mr. Richard Ripplinger, was not properly under oath. This claim relates more to a potential[2] procedural defect rather than "a constitutional violation that probably has caused the conviction of one innocent of the crime." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

In sum, Mr. Johnson's petition is untimely and is based on grounds of relief that are barred or inappropriate for federal habeas relief. Indeed, the grounds are frivolous. Accordingly, Mr. Johnson's Petition must be denied.

3. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Proceedings for

---

[2] Mr. Johnson includes as an exhibit attached to his Petition a public records request to the Office of State Attorney for the Sixth Judicial Circuit of Florida for "a copy of the oath of Attorney **Richard A. Ripplinger** . . . ." Dkt. 1-1 at 15. (emphasis added) The Office of the State Attorney did "not have any record of an oath [by Richard A. Ripplinger] but [they did] have an oath of Attorney **Richard Ripplinger** . . . ." *Id.*

the United States District Courts. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A plaintiff "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (citation omitted).

The Court finds that Mr. Johnson does not establish this requirement. The Court declines to issue a certificate of appealability in the matter.

## Conclusion

The Court denies Petitioner's Petition with prejudice. Dkt. 1. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Tampa, Florida, on August 28, 2019.

/s/ *William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
Petitioner, pro se

12